**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

VALERIE OLIVER, an
individual, on behalf of herself
and all others similarly situated,

      Plaintiff,

  v.

MGB, INC., a Virginia corporation,
d/b/a PURE PLEASURE,
and WILLIAM PYLIARIS, an
individual,

      Defendants.

Case No.   3:18-cv-096

**Jury Trial Demanded**

**COMPLAINT FOR DECLARATORY
AND MONETARY RELIEF
UNDER THE FAIR LABOR STANDARDS ACT**

**NOW COMES** Valerie Oliver, an individual (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, and brings this collective action against MGB, Inc., doing business as the Pure Pleasure strip club, and Mr. William Pyliaris, the club's owner and operator (hereinafter "Defendants"), and respectfully shows the Court as follows:

**INTRODUCTION**

1.

Defendants operate a strip club in Richmond, Virginia, commonly known as Pure Pleasure, that has failed to pay Plaintiff and all others similarly situated the applicable minimum wage and substantial overtime for hours worked. Indeed, not only have they fail to pay a single penny in wages, they tricked the Plaintiff and all others similarly

situated into paying to work at the club. Defendants' failure to pay the minimum wage and overtime wages to Plaintiff and all others similarly situated violated Sections 6 and 7 of the federal Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. §§ 206 and 207 ("FLSA"), because Defendants' employment of Plaintiff and all other similarly situated employees does not meet the requirements for any applicable exemption under the FLSA.

2.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit. Upon information and belief, there are more than 100 potential opt-in Plaintiffs. More precise information on class size will be obtained during discovery.

3.

The identities of similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

4.

Named Plaintiff Valerie Oliver should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

5.

As a result of Defendants' willful violations of the FLSA, Plaintiff and all others similarly situated seek minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3)

years prior to the filing of this Complaint.

## PARTIES AND SERVICE

6

Plaintiff is a current employee of Defendants. She has been employed by Defendants as an exotic dancer since approximately 2014. Plaintiff is a resident of the Eastern District of Virginia. At no time did the Plaintiff agree to arbitrate any legal dispute arising out of her employment.

7.

Defendant MGB, Inc., d/b/a Pure Pleasure, is a Virginia for-profit corporation with its principal place of business located within the Richmond city limits at 68 Labrook Concourse, Richmond, VA 23224. Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service, Mr. William Pyliaris, at 218 E. Main Street, Richmond, VA 23219.

8.

Defendant William Pyliaris is a natural person who exercises complete control over all the operations and procedures at Pure Pleasure. On information and belief, Defendant Pyliaris is the beneficial owner of Pure Pleasure and is a resident of the Eastern District of Virginia. Defendant Pyliaris may be served with a copy of the summons and complaint at the following address: 218 E. Main Street, Richmond, VA 23219.

## JURISDICTION AND VENUE

9.

This Court has subject matter jurisdiction over the federal questions raised in this

Complaint pursuant to 28 U.S.C.S. §§ 1331 and 1337.

10.

Venue in the Eastern District of Virginia is proper under 28 U.S.C. §1391(b), since Defendants are citizens of this judicial district, and because a substantial part of the events and omissions giving rise to the claims of the plaintiff class occurred in this judicial district at the address commonly known as 68 Labrook Concourse, Richmond, VA 23224. This case is properly brought in the Richmond Division pursuant to 28 U.S.C. § 127 and U.S. Dist. Ct. (E.D. Va.) Loc. R. 3(B)(4).

## FACTUAL ALLEGATIONS

11.

Plaintiff, on behalf of herself and other similarly situated current and former MGB employees, brings this collective action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage and overtime compensation.

12.

At all times for the three years prior to the filing of the Complaint in this matter, Defendants have employed female entertainers at Pure Pleasure.

13.

At all times for the three years prior to the filing of the instant complaint, Defendants have classified all entertainers working at Pure Pleasure as "independent contractors."

14.

At all times for the three years prior to the filing of the instant complaint,

Defendants have:

(i) established specific work schedules for entertainers;

(ii) required entertainers to dance at specified times and in a specified manner on stage and for customers;

(iii) regulated entertainers' attire and interactions with customers;

(iv) set the price entertainers were allowed to charge for dances;

(v) required entertainers to attend meetings at Defendants' business;

(vi) financed all advertising and marketing efforts undertaken on behalf of Pure Pleasure;

(vii) made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory; and

(viii) made all hiring decisions regarding waitstaff, security, entertainer, managerial and all other employees at Pure Pleasure.

15.

Defendants have also established a variety of written guidelines and policies which govern and control the conduct of entertainers at Pure Pleasure.

16.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Plaintiff and all others similarly situated, to pay the employer a specific amount, often referred to as a "tip-out" or a "bar fee," in order to work on any given shift.

17.

The specific amount that entertainers, including Plaintiff, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

18.

The required bar fee or tip-out that the named Plaintiff has paid has been at least $100 per shift, and in the three months prior to this filing has been more than $300 per shift.

19.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of the Club's rules, they are charged additional fees or fines.

20.

Named Plaintiff has been subject to a variety of these fees and fines.

21.

The fees described in ¶¶ 16-20 above constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

22.

Named Plaintiff worked over forty hours in some weeks she worked for Defendants, but was never paid overtime compensation.

23.

Named Plaintiff and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

24.

Defendants have never paid Plaintiff or any others similarly situated any amount as wages whatsoever.

25.

Instead, Plaintiff's and all other similarly situated employees' only source of work- related income is, and at all relevant times has been, gratuities received from customers.

26.

By definition, because Defendants paid Plaintiff and all other similarly situated employees no wages whatever, they did not pay Plaintiff or any other similarly situated employees one-and-a-half times their regular rate of pay for time over forty hours worked in a given workweek.

27.

Defendants knowingly, or with reckless disregard, misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

28.

Plaintiff and all others similarly situated were not subject to any exemption under the FLSA.

29.

On information and belief, Defendants failed to maintain records of the number of hours worked by Plaintiff and others similarly situated.

## COUNT I:
## DECLARATORY JUDGMENT

30.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporates the same herein by this specific reference as though set forth herein in full.

31.

This claim is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 *et seq*.

32.

An actual controversy exists between the parties in this case with regard to the employment status of the Plaintiff and all others similarly situated.

33.

Plaintiff and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether Plaintiff and all others similarly situated are or were the employees of Defendants.

## COUNT II:
## MINIMUM WAGE CLAIM UNDER 29 U.S.C. § 206

34.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

35.

Defendants are an "employer" and employ Plaintiff and all others similarly situated as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

36.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

37.

Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

38.

Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b).

39.

A consent to sue executed by the Plaintiff is attached hereto and incorporated herein as Exhibit "A".

40.

Defendants misclassified Plaintiff and all others similarly situated as independent contractors.

41.

Defendants failed to pay Plaintiff and all others similarly situated the minimum wage specified in 29 U.S.C. § 206.

42.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and

willfully violated the FLSA by not paying Plaintiff and all others similarly situated the minimum wage under the FLSA

43.

Throughout the relevant period of this lawsuit, Defendants' conduct that gave rise to this action was not accomplished in good faith was not based on reasonable grounds for believing that their conduct comported with the FLSA.

44.

Due to Defendants' FLSA violations, Plaintiff and all others similarly situated are entitled to recover from Defendants minimum wage compensation, refund of all fines, fees and tip-outs, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT III:
## OVERTIME CLAIM UNDER 29 U.S.C. § 207

45.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporates the same herein by this specific reference as though set forth herein in full.

46.

Defendants are the "employer" and employ Plaintiff and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

47.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

48.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

49.

Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by the named Plaintiff is attached hereto as Exhibit "A".

50.

Defendants misclassified Plaintiff and all others similarly situated as independent contractors.

51.

Defendants failed to pay Plaintiff and all others similarly situated wages at a rate of one and one-half (1½) times their regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

52.

Defendants knowingly, intentionally and willfully violated the FLSA.

53.

Throughout the period relevant to this lawsuit, Defendants' conduct that gave rise to this action was not done in good faith, and was not based on reasonable grounds for believing that their conduct comported with the FLSA.

54.

Due to Defendants' FLSA violations, Plaintiff and all others similarly situated are entitled to recover from Defendants the total amount of their unpaid overtime

compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **DEMAND FOR JURY TRIAL**

55.

Plaintiff, on behalf of herself and all others similarly situated individuals, demand a trial by jury on all their claims so triable.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant relief as follows:

a. As to Count I, issue a declaratory judgment (i) that Plaintiff and all others similarly situated are employees and Defendants are their joint employer, (ii) that the practices complained of herein are unlawful under the FLSA, and (iii) that Defendants willfully and intentionally violated the FLSA;

b. As to Count II, award Plaintiff and all others similarly situated judgment for lost overtime compensation calculated at one and one-half times the regular rate that each would have received but for Defendants' unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c. As to Count III, award Plaintiff and all others similarly situated judgment for wages at the minimum rate, refund of all fines, fees and tip-outs, and liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d. Award Plaintiff and all others similarly situated their costs of this action, including expert fees;

e. Grant Plaintiff and all others similarly situated a jury trial on all issues so triable;

f. Grant leave to add additional plaintiffs by motion, filing of written consent forms, or any other method approved by the Court; and

g. Award Plaintiff and all others similarly situated such other and further relief as the Court may deem just and proper.

Respectfully submitted this 10th day of February, 2018.

_____
Stephen B. Pershing, Esq.
Virginia Bar No. 31012
Pershing Law PLLC
1416 E Street, N.E.
Washington, D.C. 20002
(202) 642-1431 (o)
sbpershing@gmail.com

*/s/ Harlan S. Miller, III*
Harlan S. Miller, III, Esq.
Georgia Bar No. 5067090
(*pro hac vice admission pending*)
Miller Legal, P.C.
6868 Leslie Lane
Macon, Ga. 31220
(404) 931-6490 (o)
(866) 704-3161 (f)
hmiller@millerlegalpc.com

*Counsel for Plaintiff*