**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| |
|---|
| **VALERIE OLIVER,**<br><br>                **PLAINTIFF,**<br><br>**V.**<br><br>**MGB, INC. D/B/A PURE PLEASURE, AND WILLIAM PYLIARIS,**<br><br>                **DEFENDANTS.** |

**Case No. 3:18-cv-00096**

<u>**DEFENDANT MGB, INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

COMES NOW, the Defendant MGB, Inc. d/b/a Pure Pleasure ("Pure Pleasure" or "Defendant"), by and through undersigned counsel, in response to Plaintiff Valerie Oliver's ("Oliver" or "Plaintiff") First Amended Complaint ("Complaint"), answers and states as follows:

<u>**INTRODUCTION**</u>

1.      The Defendant admits that it operates a gentlemen's club, but the remaining allegations contained in Paragraph 1 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

2.      The Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      The Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

5.     The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

### PARTIES AND SERVICE

6.     The Defendant admits that the Plaintiff was employed as a bartender during periods of 2014, but denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.     The Defendant admits that it is a business with a facility that is located at 68 Labrook Concourse, Richmond, Virginia 23224 and that it has been served, but denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.     The Defendant admits that Defendant William Pyliaris ("Pyliaris") lives in the Richmond, Virginia and that Defendant Pyliaris has been served, but denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.     The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

10.     The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

### JURISDICTION AND VENUE

11.     The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

12.    The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

13.    The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

14.    The Defendant admits entertainers had the option of choosing to be treated as employees or licensee and temporary space lessee and/or independent contractors, but denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.    The Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    The Defendant:

    (i)      denies the allegations contained in Paragraph 16 (i) of the Complaint;

    (ii)     denies the allegations contained in Paragraph 16 (ii) of the Complaint;

    (iii)    denies the allegations contained in Paragraph 16 (iii) of the Complaint;

    (iv)    admits the allegations contained in Paragraph 16 (iv) of the Complaint;

    (v)     denies the allegations contained in Paragraph 16 (v) of the Complaint;

    (vi)    admits the allegations contained in Paragraph 16 (vi) of the Complaint;

    (vii)   admits the allegations contained in Paragraph 16 (vii) of the Complaint;

    (viii)   admits that Defendant Pure Pleasure's managers and Defendant Pyliaris made decisions regarding wait staff, security, and management and whether to contract with entertainers, but denies all remaining allegations contained in Paragraph (viii) of the Complaint.

17.     The Defendant admits that entertainers pay a licensee fee, but denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.     The Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     The Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     The Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     The Defendant admits that entertainers may be assessed fees, but denies all remaining allegations in the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

23.     Upon information and belief, the Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     The Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Upon information and belief, the Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Upon information and belief, the Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Upon information and belief, the Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Upon information and belief, the Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     The Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     The Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

32.     The Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

34.     The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

**COUNT I**
**MINIMUM WAGE CLAIM UNDER 29 U.S.C. § 206**

35.     The Defendant restates and incorporates by reference its responses set forth in Paragraphs 1 through 34 above as if set forth fully herein.

36.     The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

37.     The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

38.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

39.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint, and therefore the allegations are denied.

40.     The allegations contained in Paragraph 40 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

41.     The allegations contained in Paragraph 41 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

42.     The allegations contained in Paragraph 42 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

43.     The Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

**COUNT II**
**OVERTIME CLAIM UNDER 29 U.S.C. § 207**

45.     The Defendant restates and incorporates by reference its responses set forth in Paragraphs 1 through 44   above as if set forth fully herein.

46.     The allegations contained in Paragraph 46 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

47.     The allegations contained in Paragraph 47 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

48.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint, and therefore the allegations are denied.

49.     The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 49 of the Complaint, and therefore the allegations are denied.

50.     The allegations contained in Paragraph 50 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

51.     The allegations contained in Paragraph 51 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

52.     The allegations contained in Paragraph 52 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

53.     The allegations contained in Paragraph 53 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

54.     The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains no factual allegations to admit or deny, but to the extent a response is required the Defendant denies that Plaintiff is entitled to the relief sought in the Bill of Particulars or any relief or damages by virtue of the allegations or any Count in the Bill of Particulars.

## DEFENSES

WHEREFORE, having fully answered all the allegations contained in Plaintiff's Compliant, as defenses to the Complaint, Defendant states as follows:

### FIRST DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or laches and/or avoidable consequences and/or estoppel and/or unclean hands and/or any other equitable defenses.

### THIRD DEFENSE

The Plaintiff's claim under the Fair Labor Standards Act  ("FLSA") is barred to the extent that Defendant's actions were taken in good faith in conformity with and reliance upon the U.S. Department of Labor's guidance and established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 259, *et. seq*., and to the extent the period of time alleged in this action predates the limitations period set forth by statute.

### FOURTH DEFENSE

The Plaintiff's claim is barred, in whole or in part, by the doctrine of payment, as

Plaintiff was properly compensated for actual hours worked.

### FIFTH DEFENSE

The Plaintiff's claim for damages is barred, in whole or in part, by the doctrine of off-set, including due to overpayment of wages caused by their failure to properly record their hours worked, failure to take paid time off in accordance with company policy or practice, any additional compensation paid over and above their salary, and for compensation already paid for periods not compensable under the FLSA, and to the extent paid, tendered, waived, compromised, and/or released prior to adjudication herein.

### SIXTH DEFENSE

The Plaintiff's claim for damages is barred, in whole or in part, by the doctrine of unjust enrichment, including the fact that they were overpaid.

### SEVENTH DEFENSE

The Defendant acted reasonably and in good faith at all times, and with reasonable grounds to believe that its actions did not violate the FLSA, and asserts a lack of willfulness or intent to violate the FLSA, and therefore Plaintiff's claim, including any claims for liquidated damages, are barred in whole or in part.

### EIGHTH DEFENSE

The Plaintiff's claim is barred in whole or in part as Plaintiff's position and/or work performed falls within exemptions, exclusions, exceptions or credits provided for in the FLSA.

### NINTH DEFENSE

The Plaintiff cannot establish that any acts or omissions of the Defendant was willful under the FLSA.

### TENTH DEFENSE

To the extent that the Plaintiff claimed damages that were caused, in whole or in part, by their failure to comply with Defendant's policies, such failure precludes a finding of willfulness under the FLSA.

### ELEVENTH DEFENSE

The Plaintiff's claims is barred, or recovery of damages is precluded, under the *de minimis non curat lex* doctrine and by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the Plaintiff was engaged in activities that were preliminary, postliminary, or incidental to principal activities.

### TWELFTH DEFENSE

The Plaintiff's claim is barred and/or recovery of damages is precluded due to Plaintiff's own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine).

### THIRTEENTH DEFENSE

The Plaintiff's claim for damages is barred to the extent they have failed, refused and/or neglected to mitigate or avoid the damages alleged in the Complaint, if any.  Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits and benefits received by the Plaintiff, including overpayments to them caused by their failure to properly record their hours worked.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written

administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practice or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### FIFTEENTH DEFENSE

Plaintiff's claims stated in the Complaint are barred either in whole or in part pursuant to the doctrine of avoidable consequences.

### SIXTEENTH DEFENSE

The Plaintiff's Complaint is presented in conclusory and vague terms, which prevents the Defendant from anticipating all affirmative defenses and claims that may be applicable in this action.  Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, the Defendant reserves the right to assert additional defenses or claims that may become known during the course of discovery and during any other proceeding in this action.

The Defendant asserts these defenses pursuant to Fed. R. Civ. P. 12 (b) but such defenses may not be exclusive and the Defendant does not concede that they bear any burden of proof or production with respect to these or other additional defenses that may arise in the course of this litigation.

The Defendant reserves the right to amend and/or add any additional affirmative defenses and/or counterclaims, which may become known during the course of discovery.

WHEREFORE, the Defendant respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, the Defendant be given judgment in its favor, and that the Defendant be awarded costs and expenses incurred herein, including reasonable attorneys' fees.

Dated:  April 30, 2018                    Respectfully submitted,

                                          **MGB, INC. d/b/a PURE PLEASURE**


                                          By: _____/s/_____
                                          Thomas M. Lucas (VSB No. 27274)
                                          Kristina H. Vaquera, Esq. (VSB No. 43655)
                                          Milena Radovic, Esq. (VSB No. 91000)
                                          Jackson Lewis, PC
                                          500 E. Main Street, Suite 800
                                          Norfolk, Virginia 23510
                                          Telephone:    (757) 648-1445
                                          Facsimile:    (757) 648-1418
                                          E-mail:       thomas.lucas@jacksonlewis.com
                                                        vaquerak@jacksonlewis.com
                                                        milena.radovic@jacksonlewis.com
                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen B. Pershing, Esquire
Pershing Law PLLC
1416 E Street, N.E.
Washington, DC 2002

Harlan S. Miller, III, Esquire
Miller Legal, P.C.
6868 Leslie Lane
Macon, GA 31220
*Counsel for Plaintiff*

**MGB, INC. d/b/a PURE PLEASURE**

By: _____ /s/ _____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:     (757) 648-1445
Facsimile:     (757) 648-1418
E-mail:        thomas.lucas@jacksonlewis.com
               vaquerak@jacksonlewis.com
               milena.radovic@jacksonlewis.com
*Counsel for Defendant*

4843-1619-7731, v. 1