**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| VALERIE OLIVER,<br><br>        PLAINTIFF,<br><br>V.<br><br>MGB, INC. D/B/A PURE PLEASURE, AND WILLIAM PYLIARIS,<br><br>        DEFENDANTS. | Case No. 3:18-cv-00096 |

**DEFENDANTS MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND
THEIR ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Defendant MGB, Inc. d/b/a Pure Pleasure ("Pure Pleasure") and Defendant William Pyliaris ("Pyliaris") (collectively "Defendants"), by and through the undersigned legal counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby submit this Memorandum of Law in Support of their Motion for Leave to Amend their Answers to Plaintiff's First Amended Complaint.

## I.    PROCEDURAL HISTORY

1. On February 10, 2018, Plaintiff Valerie Oliver filed a Complaint alleging that the Defendants, MGB, Inc., d/b/a Pure Pleasure ("Pure Pleasure") and William Pyliaris failed to pay minimum wages and overtime in violation of the Fair Labor Standards Act ("FLSA"). *See* ECF No. 1

2. On March 26, 2018, Defendant Pure Pleasure filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to sufficiently plead an overtime claim under the FLSA. *See* ECF No. 12.

3. On March 26, 2018, Defendant Pyliaris filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to sufficiently plead that he is individually liable and that Defendants violated the FLSA's overtime provisions. *See* ECF No. 13.

4. On April 6, 2018, the Plaintiff filed a Notice of Filing of First Amended Complaint. *See* ECF No. 20.

5. On April 16, 2018, the Plaintiff filed a First Amended Complaint. *See* ECF No. 21.

6. On April 23, 2018, the Court issued an Order denying Defendant Pure Pleasure's and Defendant Pyliaris's individual Motions to Dismiss as moot. *See* ECF No. 22.

7. On April 30, 2018, Defendants Pure Pleasure and Pyliaris filed individual Answers to Plaintiff's First Amended Complaint. *See* ECF No. 23–24.

8. On May 16, 2018, the Court issued a Scheduling Order setting the pretrial conference for June 15, 2018. *See* ECF No. 25.

9. As of the filing of this Motion, the Parties have not engaged in any discovery, a collective action has not been certified, and the trial date has not been set.

## II. LEGAL ARGUMENT

Permitting the Defendants to amend their individual Answers to revise affirmative defenses and include counterclaims will not prejudice the Plaintiff and Defendants' request is not the product of undue delay, bad faith, or repeated failure to cure a deficiency.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." In *Francisco v. Verizon South, Inc*, the Court explained that the "[t]he language of the Rule has been construed to counsel a liberal reading of its application." 756 F. Supp. 2d 705, 716 (E.D. Va. 2010). As the Fourth Circuit Court of Appeals noted in *Harless v.*

*CSX Hotels, Inc.*, "[m]otions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." 389 F.3d 444, 447 (4th Cir. 2004). In fact, "[a] lack of prejudice to the nonmoving party, *alone*, ordinarily warrants granting leave to amend." *Francisco*, 756 F. Supp. 2d at 716 (citing *Ward Elec. Serv. V. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)) (emphasis added).

In this case, the Defendants are requesting leave to amend their Answer to revise affirmative defenses and include counterclaims based on unjust enrichment and breach of contract. Permitting Defendants to submit their Amended Answer and Counterclaim will not prejudice Plaintiff. The Defendants filed their individual Answers on April 30, 2018. From the filing of the Answers to the filing of this Motion, less than two months have passed. The Parties have not engaged in any discovery, the Plaintiff has not moved to certify the collective action, and no putative class members have opted into this lawsuit. Allowing Defendants to file their Amended Answer will not result in any delay in discovery, filing of dispositive motion, or a trial date. If the Court grants Defendants' Motion, the Plaintiff will have ample time to file an answer or responsive pleading to these counterclaims. Furthermore, in their respective Answers, the Defendants noted their reservation of the right to amend their Answers.

If the Court denies Defendants' Motion, they will be prejudiced because the counterclaims Defendants seek to assert are compulsory under Rule 13(a) of the Federal Rules of Civil Procedure.[1] Pursuant to Rule 13 of the Federal Rules of Civil Procedure, a counterclaim is

---

[1] In addition, the Plaintiffs in related litigation will be prejudiced if the Court denies Defendant Pure Pleasure and Pyliaris's Motion. On January 16, 2018, Hannah Cramer initiated a class action lawsuit against Defendants Arkesia, Inc. d/b/a Club Rouge, Circle 2, Inc. d/b/a Daddy Rabbits, Circle 2, Inc. d/b/a Candy Bar, Imaginary Images, Inc. d/b/a Paper Moon, Pure Pleasure, "And/Or Any Other Entities," and Pyliaris. *See* 3:15-cv-00039, ECF No. 1. In the Complaint, Plaintiff Cramer alleges that the named Defendants failed to pay minimum wage and overtime in violation

3

compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim " and "does not require adding another party over whom the court cannot acquire jurisdiction." To determine what counterclaims are compulsory, the Fourth Circuit utilizes four inquiries that help in determining whether a counterclaim is compulsory:

(1) Are the issues of fact and law raised in the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute the claim as well as the counterclaim?

(4) Is there any logical relationship between the claim and counterclaim?

*Peter Farrell Supercars, Inc. v. Monsen*, 82 Fed. Appx. 293, 298 (4th Cir. 2003) (citing *Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051–1053 (4th Cir. 1976). However, "[a] court need not answer all these questions in the affirmative for the counterclaim to be compulsory." *Id*. Rather, the four-factor test serves as guideline. *Id*. As the Fourth Circuit noted "the 'underlying thread' to each inquiry is 'evidentiary similarity,' and 'where … the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory.'" *Id*. (citing *Painter v. Harvey*, 863 F.2d 329, 331–332 (4th Cir. 1988)).

Courts dealing with issue have granted alleged employers' leave to amend answers and assert counterclaims in FLSA cases on the basis that the counterclaims are compulsory. *See, e.g.,*

---

of the FLSA. *See id.* On May 29, 2018, named Defendants filed an Answer and Counterclaim to Plaintiff Cramer's First Amended Class Action Complaint. *See* ECF No. 199.

Defendants Pure Pleasure and Pyliaris are parties to both lawsuits. If the Court denies Defendants' Motion, putative class members who allegedly performed at Pure Pleasure may elect to join Plaintiff Oliver's lawsuit instead of Plaintiff Cramer's lawsuit in order to maximize damage potential and to avoid offsets. This may result in inconsistent awards, if any, for putative class members that performed at Pure Pleasure.

*Mann v. Fredericktown Assocs. Ltd. P'ship*, No. WDQ-14-2971, 2015 U.S. Dist. LEXIS 107145 (D. Md. Aug. 13, 2015) (granting Defendant's motion for leave to amend to include an unjust enrichment counterclaim); *see also Eng-Hatcher v. Sprint Nextel Corp.*, 2008 U.S. Dist. LEXIS 92559 (S.D.N.Y. Oct. 31, 2008) (finding that defendant-employer's counterclaims for recoupment, setoff, and unjust enrichment against former employee-plaintiff was compulsory in the former employee's FLSA action for unpaid wages).

As in those cases, the Defendants are requesting leave to amend their Answer to revise affirmative defenses and include counterclaims based on unjust enrichment and breach of contract. Since the Plaintiffs will not be prejudiced and the Defendants have not acted with undue delay, bad faith, or repeatedly failed to cure deficiencies, their Motion should be granted.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant their Motion for Leave to Amend their Answers to Plaintiff's First Amended Complaint.

Dated:  June 7, 2018                                  Respectfully submitted,

**MGB, INC. d/b/a PURE PLEASURE
AND WILLIAM PYLIARIS**

By:           /s/
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:    (757) 648-1445
Facsimile:     (757) 648-1418
E-mail:         thomas.lucas@jacksonlewis.com
                    vaquerak@jacksonlewis.com
                    milena.radovic@jacksonlewis.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Stephen B. Pershing, Esquire
>Pershing Law PLLC
>1416 E Street, N.E.
>Washington, DC 2002
>
>Harlan S. Miller, III, Esquire
>Miller Legal, P.C.
>6868 Leslie Lane
>Macon, GA 31220
>*Counsel for Plaintiff*

**MGB, INC. d/b/a PURE PLEASURE
AND WILLIAM PYLIARIS**

By: _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418
E-mail: thomas.lucas@jacksonlewis.com
vaquerak@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendants*

4828-8687-0887, v. 1