**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| VALERIE OLIVER, <br><br> PLAINTIFF, <br><br> V. <br><br> MGB, INC. D/B/A PURE PLEASURE, AND WILLIAM PYLIARIS, <br><br> DEFENDANTS. | Case No. 3:18-cv-00096 |

## MEMORANDUM IN SUPPORT OF LAW IN SUPPORT OF JOINT MOTION FOR LEAVE TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL

Defendants MGB, Inc. d/b/a Pure Pleasure ("Pure Pleasure") and William Pyliaris ("Pyliaris ") (collectively "Defendants") and Plaintiff Valerie Oliver ("Plaintiff") (collectively "Parties") hereby move the Court, pursuant to Local Civil Rule 5, hereby move the Court, pursuant to Local Civil Rule 5, to issue an order allowing the Parties to file under seal the Settlement Agreement in support of the Parties' Joint Motion for Approval of the FLSA Settlement. A proposed order, as required by Local Civil Rule 5, is attached. A provisionally sealed copy of the Agreements is being electronically filed. In further support of this Motion, the Parties state as follows:

1. The Fourth Circuit has held that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests . . . ." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (internal quotation marks omitted)). Although there is a presumption in favor of public access to court

records, the court may seal court filings if it (1) "provide[s] public notice of the request to seal and a reasonable opportunity for interested parties to object; (2) consider[s] less drastic alternatives to sealing the documents; and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for requesting the alternatives." *Id.*

2. The requirement of public notice has been satisfied by the Parties' filing on the public record this motion to seal including its grounds in support. *E.g., May v. Medtronic Inc.*, 2008 WL 1328765 at *1 (D.S.C. May 15, 2006) (applying Ashcroft).

3. Plaintiff raised in the Amended Complaint, which is a public record, issues under the Fair Labor Standards Act. Resolution of such claims by settlement requires review and approval by the Court.

4. The Agreements between the parties to resolve these claims and all other matters between them contain non-public, confidential, proprietary information of the Defendant and non-public, confidential, personal information of the Plaintiff. The parties would be reluctant to settle their dispute in these terms if the terms were to become public, and they have made confidentiality a material term of the Agreement. The public interest is also served by promoting settlement of disputes. This public policy to promote settlement and the parties' collective interests outweigh the public's right of access. The requested remedy – to file the Agreement under seal – is far from drastic and is the only reasonable measure that will promote extra-judicial settlement and protect non-public, confidential, proprietary information of the Defendant and non-public, confidential, personal information of the Plaintiff.

5. Given the foregoing, the Parties have satisfied the *Ashburn* factors, especially because they do not seek to keep the fact of the claims and resolution confidential, but only an order to file the Agreements under seal.

Accordingly, the Parties respectfully ask this Court to grant this motion and enter an order granting leave to file the Parties' Agreements under seal.

Date:  September 4, 2018                    Respectfully submitted,

**MGB, INC. d/b/a PURE PLEASURE
AND WILLIAM PYLIARIS**

By:  _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:    (757) 648-1445
Facsimile:    (757) 648-1418
E-mail:       thomas.lucas@jacksonlewis.com
              vaquerak@jacksonlewis.com
              milena.radovic@jacksonlewis.com
*Counsel for Defendants*

**VALERIE OLIVER**

By:  _____/s/_____
Harlan S. Miller
Georgia Bar No. 506709
Miller Legal, P.C.
6767 Leslie Lane
Macon, Ga. 31220
(404) 931-6490
hmiller@millerlegalpc.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of  September, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen B. Pershing, Esquire
Pershing Law PLLC

3

        1416 E Street, N.E.
        Washington, DC 2002

        Harlan S. Miller, III, Esquire
        Miller Legal, P.C.
        6868 Leslie Lane
        Macon, GA 31220
        *Counsel for Plaintiff*

        **MGB, INC. d/b/a PURE PLEASURE**
        **AND WILLIAM PYLIARIS**

        By:         /s/
        Thomas M. Lucas (VSB No. 27274)
        Kristina H. Vaquera, Esq. (VSB No. 43655)
        Milena Radovic, Esq. (VSB No. 91000)
        Jackson Lewis, PC
        500 E. Main Street, Suite 800
        Norfolk, Virginia 23510
        Telephone:   (757) 648-1445
        Facsimile:    (757) 648-1418
        E-mail:       thomas.lucas@jacksonlewis.com
                          vaquerak@jacksonlewis.com
                          milena.radovic@jacksonlewis.com
        *Counsel for Defendants*

4850-4874-2513, v. 1